IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF DIGG COMMERCIAL, LLC and DIRT EQUIPMENT AND AUTO, LLC <br><br> V. <br><br> JOCH ENTERPRISES, LLC D/B/A JOCH CONSTRUCTION COMPANY and FCCI INSURANCE COMPANY | CIVIL ACTION <br> NO. 5:20-cv-00277 |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, United States of America For The Use And Benefit of DIGG COMMERCIAL, LLC (hereinafter "DIGG") and DIRT EQUIPMENT AND AUTO, LLC (hereinafter "DIRT") (hereinafter collectively referred to as "Use Plaintiffs"), complaining of JOCH ENTERPRISES, LLC D/B/A JOCH CONSTRUCTION COMPANY (hereinafter "JOCH") and FCCI INSURANCE COMPANY (hereinafter "FCCI") and would respectfully show the Court as follows:

**I. NATURE OF ACTION**

1.1   This action is brought by Use Plaintiff to recover monies due and owing by Defendants JOCH and FCCI as a result of certain labor, equipment and material furnished by Use Plaintiffs for construction, alteration or repair of a public building or public work, specifically described as the Contract #VA257-C-1030, Replacement of 3 Main Water Lines for the

Department of Veterans Affairs – Central Texas HCS (the "Owner") - Kerrville VAMC, 300 Memorial Drive, Kerrville, Kerr County, Texas. (the "Project").

**Count I** of this action is brought by DIGG COMMERCIAL, LLC and DIRT EQUIPMENT AND AUTO, LLC, as Use Plaintiffs under the Miller Act, 40 U.S.C. §3131, et seq., for payment under the payment bond furnished by JOCH on the Project, wherein FCCI is the surety.

**Count II** of this action is brought by Use Plaintiff against Defendant JOCH to recover damages for breach of contract.

**Count III** of this action is brought by Plaintiff for pendent State claims, including a claim for quantum meruit.

## II.  PARTIES, JURISDICTION AND VENUE

2.1     United States of America For The Use And Benefit of DIGG COMMERCIAL, LLC is a Texas limited liability company with its principal place of business located at 820 Bastrop Highway, Austin, Texas 78741, Travis County, Texas.

2.2     United States of America For The Use And Benefit of DIRT EQUIPMENT AND AUTO, LLC is a Texas limited liability company with its principal place of business located at 1405 S FM 973, Austin, Texas 78725-6351, Travis County, Texas.

2.2     Defendant, JOCH ENTERPRISES, LLC is believed to be Texas limited liability company with its principal place of business in Bexar County, Texas. JOCH may be served through its registered agent, Jose Alfredo Gonzalez, by having the Summons and a copy of the Complaint delivered to its registered agent, Jose Alfredo Gonzalez, 5222 Sagerock Pass, San Antonio, Texas 78247.

2.3 Defendant, FCCI Insurance Company is a foreign corporation and may be served with process by having the Summons and a copy of this Complaint delivered to its registered attorney, Registered Agent Solutions, Inc., 1701 Directors Boulevard, Suite 300 Austin, Texas 78744-1044.

2.4 This Court has exclusive jurisdiction of Count I pursuant to 40 U.S.C. 3133(et seq.), as this suit is based on labor, equipment and materials supplied to a prime contractor for the construction, alteration or repair of a public building or public work of the United States of America. Exclusive venue is proper in this Court pursuant to 40 U.S.C. §3133(b)(3)(B). Use Plaintiffs' claims are the result of not being paid for labor supplied for the construction, alteration or repair of the Project.

2.5 Additionally, jurisdiction for Counts II and III is conferred upon this Court under the doctrine of pendent jurisdiction and pursuant thereto Use Plaintiffs would show that the claims set forth in Counts II and III are based on the same operative facts, and as a matter of convenience and fairness to the parties hereto, this Court should exercise supplemental jurisdiction over Count II and Count III of Use Plaintiffs' Complaint pursuant to 28 U.S.C.§1367(a). Use Plaintiffs' request and so move the Court to assume such jurisdiction in order that the whole case may be tried at one time.

### III. ALLEGATIONS COMMON TO ALL COUNTS

3.1 JOCH entered into a contract (the "Prime Contract") with the Owner for construction of the replacement of three main water lines at the Project.

3.2 The Surety, FCCI, provided a performance and payment bond, Bond No. 4400649 (the "Bond") pursuant to the requirements of the Project contract and 40 U.S.C. §§3131 *et. seq.* (the "Miller Act"). A true and correct copy of the Payment Bond is attached hereto as **Exhibit "A"** and incorporated herein by reference for all purposes.

3.3     On or about March 5, 2018, DIGG entered into Subcontract (the "Subcontract") with JOCH under which DIGG undertook to supply work, labor and materials to perform a portion of the work on the Project, specifically underground and site utility work (the "Subcontract Work").

3.4     DIRT was a supplier to DIGG that provided certain equipment for use on the Project.

3.5     DIGG began performing work in the Project in 2018, and subsequently, certain disputes arose between DIGG and JOCH relating to a change in scope by the Owner and/or JOCH. Specifically, that DIGG was not allowed to use a trencher as represented and set forth in the bid documents and the Subcontract. At the direction of the Owner, JOCH required DIGG to excavate by using an excavator and rock hammer.

3.6     During the bidding process, a response to a pre-bid Request for Information submitted by a bidder stated that a trencher could be used to perform the work on the Project which was made a part of the Subcontract between DIGG and JOCH, however, the actions by the Owner and/or JOCH in requiring DIGG to excavate with an excavator and a rock hammer resulted in significant increases in costs for DIGG's work.

3.7     DIGG submitted a change order to JOCH for the increased costs and expenses incurred as a result of the change to the scope; however, JOCH refused to accept the change order and refused to submit DIGG's claim to the Owner for the additional cost and expenses.

3.8     On or around March 4, 2019, JOCH sent a notice of termination to DIGG stating that "DIGG failed and refused to properly man the project to keep up with DIGG obligation under the Subcontract agreement." DIGG denies and disputes such claims made by JOCH.

3.9     The letter was not received by DIGG until March 6, 2019 via certified mail no. 70182290000114650958. DIGG was continuing to perform work and did not demobilize until after March 6, 2019.

3.10   DIRT provided notice to FCCI and JOCH on or around May 7, 2019 of a claim in the amount of $115,319.50.

3.11   DIGG provided a notice of claim to JOCH and FCCI on January 2, 2020 stating the amount of its claim was $1,369,844.55. DIGG's claim incorporated DIRT's unpaid balance of $115,319.50.

3.12   DIGG believes that it is entitled to recover the reasonable costs and expenses in performing the additional work directed by JOCH, as described above, because such were changes and/or modifications in the Subcontract Work and/or was work directed by JOCH pursuant to the terms of the Subcontract. Further, such work was performed prior to DIGG's termination by JOCH on the Project.

3.13   Despite notices to JOCH and FCCI, the amounts due and owing for work performed and completed by DIGG on the Project remain unpaid.

3.14   To date, Use Plaintiffs have incurred losses in unpaid work, materials, equipment and labor supplied to the Project of not less than $1,369,844.55.

3.15   At least 90 days have elapsed between the time of filing this action and the last day Use Plaintiffs provided labor, material, and work to the Project.

3.16   This suit is filed within one year from the last day Use Plaintiffs provided labor, material, equipment, and work to the Project.

3.17   All conditions precedent to filing this action have been performed or have occurred.

### IV.  COUNT I – ACTION ON BOND UNDER THE MILLER ACT

4.1   Use Plaintiffs reallege and incorporate the allegations of Paragraphs I through III as though fully set forth herein verbatim.

4.2     The Bond was issued for the protection of all persons supplying labor and material in carrying out the work of the Project.

4.3     Use Plaintiffs supplied labor, material and equipment to carry out the work of the Project and Use Plaintiffs are part of the class of persons entitled to the protection of the Bond issued by the surety, FCCI.

4.4     Use Plaintiffs have not been paid within 90 days after the day on which it last furnished labor or materials on the Project. This lawsuit is being filed no later than one year after the day on which the last of the labor was performed or material was supplied by Use Plaintiffs.

4.5     Use Plaintiffs are entitled to recover for the unpaid claims of at least $1,369,844.55 pursuant to the terms of the Miller Act, the Bond and applicable law as further detailed in Paragraph III above.

4.6     All conditions precedent to Use Plaintiffs right of recovery for action on the Bond have taken place and have occurred.

### V.  COUNT II – BREACH OF CONTRACT

5.1     Use Plaintiff/DIGG realleges and incorporates the allegations of Paragraphs I through III as though fully set forth herein verbatim.

5.2     DIGG is entitled to be paid for the Subcontract Work it performed and for which pay estimates have been submitted to JOCH for payment. As of the date of this Complaint, DIGG is owed the sum of $1,369,844.55 for Subcontract work it performed and completed on the Project for which it was not paid. The foregoing amount includes retainage withheld in the sum of $199,585.39.

5.3     DIGG is further entitled to be paid for the modifications and/or changes in the Subcontract work and/or work directed by JOCH. DIGG is entitled to an adjustment in the

Subcontract Price as set forth in the pending change order requests related to such claims and as described above.

5.4 JOCH's failure to pay the foregoing amount is a breach of contract, and Use Plaintiff/DIGG has been damaged in an amount of not less than $1,369,844.55.

5.5 Use Plaintiff/DIGG has followed all procedures in the Subcontract for payment and has satisfied all conditions precedent related to the claims described above.

5.6 All conditions precedent to DIGG's right of recovery for breach of contract have taken place and have occurred.

## VI. COUNT III – QUANTUM MERUIT

6.1 Use Plaintiff/DIGG realleges and incorporates the allegations of Paragraphs I through III as though fully set forth herein verbatim.

6.2. In the alternative, DIGG would show that DIGG's above-described labor, materials, and equipment were furnished for the benefit of JOCH, either at its specific direct request or with its knowledge and consent. JOCH accepted and received said labor, materials and equipment with knowledge that DIGG expected compensation from JOCH therefor.

6.3 Said labor and materials furnished and provided by DIGG on the Project benefitted JOCH, and the reasonable value of the materials furnished to JOCH by DIGG, which remains unpaid as of this date is at least $1,369,844.55.

## VII. ATTORNEYS' FEES

7.1 Use Plaintiff/REI realleges and incorporates the allegations of Paragraphs I through III as though fully set forth herein verbatim.

7.2 DIGG has agreed to pay the undersigned attorneys a reasonable and necessary fee for their services and therefore seeks to recover such amounts from JOCH pursuant to Texas Civil

Practice and Remedies Code 38.001, et seq., and any other applicable law, for the preparation and trial of this case in United States District Court, and additional amounts in the event of an appeal to the U. S. Circuit Court of Appeals and U. S. Supreme Court.

## VIII.  PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Use Plaintiffs pray that the Defendants be cited to appear and file an answer herein, and that Use Plaintiffs have and recover judgment of and from the Defendants for the following:

1. DIGG be granted Judgment against JOCH for breach of contract in an amount not less than of at least $1,369,844.55, the exact amount to be proven at trial.

2. DIGG and DIRT be granted Judgment against the surety, FCCI, upon the Bond in an amount not less than $1,369,844.55, the exact amount to be proven at trial.

3. An award of pre-judgment interest at the highest rate provided by law.

4. An award of attorney's fees incurred in this action to the extent authorized by law.

5. An award of Use Plaintiff/DIGG's costs in bringing and maintaining this action.

6. Such other and further relief as the Court deems just.

Respectfully submitted,

KNOLLE, HOLCOMB, KOTHMANN & CALLAHAN
13625 Ronald W. Reagan Blvd.
Building ONE, Suite 100
Cedar Park, Texas 78613
Telephone: (512)476-1121
Facsimile: (512)476-1131

By: /s/ *Rob D. Holcomb*
  Rob D. Holcomb
  State Bar No. 24069938
  Email: rdh@khkclaw.com

**ATTORNEYS FOR USE PLAINTIFFS,
DIGG COMMERCIAL, LLC, and DIRT EQUIPMENT
& AUTO, LLC**